**SO ORDERED,**



**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JAMES JORDAN, | ) | Case No.:   20-12485-JDW |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *Motion for Relief from Stay and for Other Relief* (the "Motion") filed by the creditor, 21st Mortgage Corporation, and the *Response to Motion for Relief from Automatic Stay* filed by the debtor.[1]  The creditor seeks relief from the stay to enforce its security interests in the debtor's mobile home and the land where it sits.  A hearing was held on September 21, 2021.  Having heard the testimony, considered the

---

[1] (Dkt. ## 64, 70).

1

admitted exhibits, and examined the law, the Court finds the Motion is due to be granted and the stay lifted.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A),(G), and (O).

## II. FINDINGS OF FACT[2]

This is the debtor's fifth bankruptcy case in the last six years.[3] Three of the previous cases were jointly filed with his wife, Schrell Jordan. None were completed.[4] On August 7, 2015, they filed a chapter 13 petition.[5] That case was dismissed for failure to pay the filing fee.[6] On January 29, 2016, they filed another chapter 13 petition.[7] That case was voluntarily dismissed on January 6, 2017 at a hearing on the objection to confirmation filed by 21st Mortgage's

---

[2] To the extent any of the findings of fact are considered conclusions of law, they are adopted as such, and vice versa

[3] Case No. 15-12793-JDW; Case No. 16-10300-JDW; Case No. 17-11039-JDW; Case No. 20-12093-JDW. The debtors also filed a chapter 7 petition in 2009 and received a discharge in January 2010 (Case No. 09-14526-DWH, (Dkt. ## 1, 22)).

[4] Case No. 15-12793-JDW (Dkt. # 40); Case. No. 16-10300-JDW (Dkt. # 81); Case No. 17-11039-JDW (Dkt. # 131); Case No. 20-21093-JDW (Dkt. # 14).

[5] Case No. 15-12793-JDW, (Dkt. # 1).

[6] *Id.* (Dkt. # 40).

[7] Case No. 16-10300-JDW, (Dkt. # 1).

2

predecessor in interest.[8] They filed another chapter 13 petition on March 21, 2017.[9] Through September 2017, they were delinquent $4,345.00 and the trustee filed a motion to dismiss.[10] At the hearing, the debtors voluntarily dismissed and the Court issued a 180-day bar on refiling bankruptcy at the request of 21st Mortgage and its predecessor in interest.[11] After the bar expired, the debtor filed an individual chapter 13 petition on June 16, 2020.[12] He requested to pay the filing fee in installments, but the court denied his motion because he still owed unpaid fees from a previous case.[13] When the debtor again failed to pay the filing fee, that case was dismissed on July 7, 2020.[14] He then filed this case on August 5, 2020.[15]

The collateral at issue is a mobile home and the land where it sits in Coldwater, Mississippi. It is undisputed that 21st Mortgage holds both a security interest in the mobile home and a deed of trust on the land. The debtor has made only one voluntary payment to 21st Mortgage since December 2015 and the prepetition arrearage is more than $57,000.00.[16] The debtor does not

---

[8] *Id.* (Dkt. ## 18, 25, 81). At hearing on this present matter, evidence was presented that First Heritage Credit of MS assigned its deed of trust encumbering the land to 21st Mortgage in June 2019.
[9] Case No. 17-11039-JDW, (Dkt. # 1).
[10] *Id.* (Dkt. # 116).
[11] *Id.* (Dkt. ## 30, 131).
[12] Case No. 20-12093-JDW, (Dkt. # 1).
[13] *Id.* (Dkt. ## 5, 8).
[14] *Id.* (Dkt. # 14).
[15] (Dkt. # 1).
[16] One additional payment was made by the trustee in 2017 during a prior bankruptcy.

3

dispute that the mobile home is now a part of the land under Mississippi law.[17] He only argues that the mobile home was not affixed to the land at the time the petition was filed and that the creditor should repossess the mobile home but allow him to keep the land. But in February 2015, years before this bankruptcy case was filed, the debtor and his wife obtained a Certification of Mobile Home as Real Estate in the Chancery Court of Tate County, Mississippi, affixing the mobile home to the property.[18]

The debtor does not contest the Motion as to the mobile home. In fact, the debtor contends that the mobile home was surrendered in a previous bankruptcy and included it as surrendered collateral in Part 3.5 of the current chapter 13 plan.[19] But the debtor does seek to revoke his certification of the mobile home as real estate and argues that because the mobile home was no longer affixed to the land at the time his bankruptcy petition was filed, the Court should not grant relief from the stay as to the land. The Court does not reach the issue of whether the mobile home can now be severed from the land because relief is due to be granted as to both the mobile home and the land, whether separate or affixed.

---

[17] Miss. Code. Ann. § 27-53-15.
[18] (Dkt. # 64, Ex. D).
[19] (Dkt. # 31).

## III. CONCLUSIONS OF LAW

The filing of a petition for relief under any chapter of the Bankruptcy Code operates as a stay of actions by creditors to recover from the debtor, property of the debtor, or property of the estate for a debt that arose prepetition.[20] A party in interest may obtain relief from the stay under 11 U.S.C. § 362(d). In a motion for relief from stay, the burden of proof is on the debtor as to all issues except the issue of the debtor's equity in the property.[21] Section 362(d)(1) provides that the stay may be lifted "for cause."[22] The Bankruptcy Code does not define "cause," which gives bankruptcy courts the flexibility to evaluate the debtor's financial condition and motives.[23] The Court has broad discretion in determining whether to lift the stay.[24]

One common "cause" for granting relief from the stay is a debtor's bad faith.[25] As this Court has previously noted, "[t]he Bankruptcy Code requires that debtors act in good faith in both the commencement and prosecution of bankruptcy proceedings, and good faith is an intrinsic component of the

---

[20] 11 U.S.C. § 362(a).
[21] 11 U.S.C. § 362(g).
[22] 11 U.S.C § 362(d)(1).
[23] *Little Creek Dev. Co. v. Commonwealth Mortg. Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986).
[24] *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 251–52 (5th Cir. 2006) (citing *Bustamante v. Cueva (In re Cueva)*, 371 F.3d 232, 236 (5th Cir. 2004)); *See also In re Barnes*, 279 F. App'x 318, 319 (5th Cir. 2008).
[25] *Id.* (collecting cases).

5

Case 20-12485-JDW Doc 86 Filed 11/15/21 Entered 11/15/21 13:25:10 Desc Main
Document    Page 6 of 8

bankruptcy process."[26] This good faith requirement "prevents abuse of the bankruptcy process and safeguards the integrity of the courts by only permitting those with clean hands to avail themselves of the Bankruptcy Code's 'powerful equitable weapons.'"[27] One such weapon is the automatic stay because it prevents creditors from exercising their rights against a debtor or his property.

To determine whether a debtor has acted in good faith in availing himself of the protections of the Bankruptcy Code, the Court may consider:

> [the debtor's] intent to comply with the terms of his plan and the requirements of the Bankruptcy Code . . . . the proximity of serial filings, the debts listed, the amounts paid, and the income and expenses listed in successive cases . . . . the timing of the bankruptcy petition, the debtor's motive in filing the petition, the debtor's treatment of creditors, and how the debtor's actions affect creditors[28]

Courts have also held that a debtor's failure to make payments may also be sufficient cause for granting relief from the stay.[29]

---

[26] *In re Mantachie Apartment Homes, LLC*, 488 B.R. 325, 331 (Bankr. N.D. Miss. 2013) (citing *Little Creek Dev. Co.*, 779 F.2d at 1071).
[27] *Id.*
[28] *In re Jordan*, 598 B.R. 396, 407 (Bankr. E.D. La. 2019).
[29] *Marable v. Bank of New York Mellon*, 557 B.R. 521, 526-27 (E.D. Tex. 2016) (citing *In re Hernandez*, No. 11-31893-H3-13, 2011 WL 2515980, at *3 (Bankr. S.D. Tex. June 22, 2011). *See also In re Ramos*, 540 B.R. 580, 594 (Bankr. N.D. Tex. 2015) ("[T]he court acknowledges that many cases come before it in which a debtor has missed postpetition mortgage payments and is confronted with a motion to lift stay from his or her mortgage lender at some point midway through her Chapter 13 plan. The stay is often lifted. The mortgage lender forecloses").

Here, the debtor has filed multiple bankruptcies and the pattern is clear—the debtor fails to perform every time. Some prior cases were dismissed for failure to pay the filing fee and others were voluntarily dismissed and refiled. Several were dismissed with pending objections to confirmation and/or unpaid fees.[30] One was dismissed with a motion for relief from stay pending.[31] He has made just one voluntary payment to 21st Mortgage through the pendency of multiple cases over five years and has accumulated more than $57,000.00 in arrears, effectively living on the property for free.

Once the case is dismissed, he simply files again and forestalls his creditors for a few more months.[32] The debtor has shown an unwillingness to abide by the requirements and processes of the Code and has frustrated the purposes of bankruptcy. He has failed to pay filing fees and failed to confirm a plan in any of the previous chapter 13 cases. His failure to make payments to the creditor and the serial bankruptcy filings are sufficient cause to grant relief from the stay here.

---

[30] Case No. 15-12793-JDW, (Dkt. ## 24, 40); Case No. 16-10300-JDW, (Dkt. ## 25, 81); Case No. 17-11039-JDW (Dkt. ## 19, 28, 131); Case No. 20-12093 (Dkt. ## 8, 14).

[31] Case No. 17-11039-JDW (Dkt. ## 30, 131); This actually rendered the debtor ineligible to file another bankruptcy case for 180 days. 11 U.S.C. § 109(g)(2).

[32] *Jordan*, 598 B.R. at 406-07 ("While a debtor's serial filings do not necessarily constitute bad faith, a debtor's prepetition conduct, including his conduct in prior cases, is a valid consideration in determining a debtor's good faith in filing a subsequent case and confirmation of a proposed plan").

Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the Motion (Dkt. # 64) is **GRANTED** and the automatic stay is lifted as to all of 21st Mortgage's collateral.

##END OF OPINION##